Please be seated. Could the clerk call the next please? Mr. Corrales. Good morning. Good morning. I may please the court, counsel. I'm Tom Corrales from the state public defender's office. I represent Daniel Jackson. This appeal follows a jury trial in Peoria County at which Mr. Jackson was convicted of first degree murder. Our first two issues seek a new trial and the state concedes with respect to the third issue that Daniel Jackson was convicted of first degree murder. The defendant should be awarded relief in the form of vacating the conviction that was entered without a sentence for the first degree murder of one victim. I intend to focus on the second argument in the briefs and in particular I want to address the extent to which the plain error rule should or should not limit this court's ability to review the substantive argument that we've raised in that second issue. Now the request for a new trial in the second issue is based on the argument that the trial judge here violated my client's right to present a defense which was based almost entirely on his ability to contest the reliability of the video recorded statement that he made to the police, which the jury was allowed to see and hear. We rely on the holding in Crane v. Kentucky in this argument and we have to acknowledge that the claim was not presented by either of the two appointed attorneys who represented Mr. Jackson during and after his trial. Now your honors are I'm sure all too familiar with arguments being presented by attorneys such as myself and my colleagues in the appellate defender's office where we see what looks to be an error on the record but the trial judge was never asked to address it. And those instances present us with both a procedural hurdle as well as the hurdle of persuading you that the error in fact did take place. The preliminary consideration under that scenario is to determine whether any error in fact did occur and that makes perfect sense because if the error is not deemed to have existed, it doesn't make any difference if it was a preserved error or it was not preserved. And that's what I was trying to focus on in the reply brief by saying that the plain error rule is not a standard of review because standards of review are designed to aid the court in making that initial determination. Was what happened an error? In this case, for example, Rule 615A provides no assistance in guiding this court to decide whether Crane v. Kentucky was violated or wasn't violated. The point at which Rule 615A comes into play is to determine whether enough prejudice has been shown to reach and grant relief on the issue. Another way I would say it is the plain error inquiry would ask how significant was the error once the error has been found to exist. And we know that plain error exists or it doesn't, right? Yes. The question is, is it reversible? Well, the reversible error and Rule 615A are more connected, I would say, than the standard of review de novo deferred to the trial court or mixed review in certain cases. That's not related to Rule 615A. And so to see plain error pushed up to the front of a responsive brief as though that replaces de novo review somehow doesn't make a lot of sense because in an unpreserved error situation, you're automatically de novo. You're the first court to look at it. So it's not, you know, you can ignore the trial judge. Now here it's a unique situation because we have an unpreserved error but the judge did make a ruling since this Crane v. Kentucky issue arose in closing argument and the court sustained the state's objection to defense counsel's attempts to poke holes in the statement that the defendant made on the video tape. But there still has to be a determination at the beginning is how do you decide whether the error existed? And that, in our opinion, is not related to plain error at all. Aren't we handicapped here because there's a lack of a record of what occurred during the sidebar conference? That is another hindrance because, frankly, because this is a plain error case and because of that not being of record, we don't know if the judge or the prosecutor or defense counsel is even aware of Crane v. Kentucky and the sort of unique situation where the admissibility of a statement is decided pre-trial and not a part of the jury's function. But the weight or significance, reliability of the statement can still be argued to the jury. And so here we're saying it's a substantial error because of the possibility that the judge thought that that wasn't a permissible argument to begin with and he was just waiting for the state to make an objection and then tell the jury you're not to consider the voluntariness aspect of the statement. But your statement then kind of acknowledges the fact that there were arguments made surrounding the circumstances of the confession and it was only when counsel seemed to cross the line by challenging the court's ruling on voluntariness. Well, I know he did make some comments and some of them were repeated and that's what prompted the prosecutor to interject with an objection. But I think he was careful and if I were to guess, I would say Mr. Sheets did know of how far he could go because he never used the word voluntary. You should find this involuntary. I mean, that is kind of a buzzword, the judge decided voluntariness. But there's a lot of overlap between reliability or trustworthiness or credibility and voluntariness. You automatically are challenging some element of whether the defendant was voluntarily giving himself up on the videotape when you're saying look at the tactics that were used and this really wasn't what the defendant wanted to say. He just wanted it to be over or whatever you're arguing. That's within the leeway that defense counsels have under Crane v. Kentucky and what you're suggesting perhaps, Justice Wright, is that he's already done enough and I think that probably goes to the harmlessness of the error. Really what I'm focusing on is a statute that says the voluntariness of a confession is a question of law for the judge to decide. And here it could be argued that defense counsel was attempting to nullify the judge's ruling as a matter of law, that it was voluntary for purposes of admissibility. And I think your job is to do a de novo review of that question, not a plein air review, a de novo review. If you're talking about whether or not that crossed the line or not, the same statute says the circumstances surrounding the making of the confession may be submitted to the jury. And it's right after the language about the confession being admissible should not be submitted. That is a little bit of a nebulous statute to figure out where is my parameters here when I'm at argument. So Mr. Sheets was trying to walk a fine line, never uses the word voluntariness. Only the judge, in instructing the jury, disregard his last comment. You're not to consider whether the statement was voluntary. Mr. Sheets wasn't, in my argument, wasn't questioning whether the judge should have admitted the statement. In my reply brief, I think I used the word, it would have been impermissible for him to say he should have never heard that. And that's, I think, what that first part of that statute is talking about, is you're not to appeal to the jury as some kind of a reviewing tribunal to nullify the court's decision. But you are entitled to have a defense. And the only defense there was in this case was that the statement wasn't reliable. The statement was reliable that this should never have gone to trial. So everything is cut out from under counsel when the judge tells the jury, don't worry about whether that was a voluntary statement. That's been taken care of. And I want to talk a little bit about the second prong of the plain error rule, because I think that there is still room for a substantial constitutional error to be found under the second prong, even if it doesn't impact structural error. There are still cases in which substantial error is reached under the second prong of Rule 615A, despite them not presenting a structural error. And I think the reason for it is that sometimes there are some types of errors that just should not be tolerated. A good example is the Marshall case that's in our reply brief that dealt with the racially charged arguments the prosecutor made. That didn't cause structural error in that case, but it certainly was an overriding part of that trial. It was so substantial that the reviewing court could consider the error, despite it having been forfeited, in order to preserve the integrity of the judicial process. In the case here today, Mr. Jackson's ability to ask the jury to view the statement he made as unreliable or insignificant to the prosecutor's case was the most important aspect of his defense. And when the trial judge told the jury, don't concern yourself with whether the defendant freely made that statement or voluntarily made that statement, that stopped the attorney from urging the jury. He could no longer urge the jury to give the statement little or no weight. That's a substantial constitutional error, and it should be corrected, if for no other reason, to keep those kind of errors from happening in future cases. That's what the prong two of the rule 615A, I think, is designed to allow. Because here, we don't know, again, whether the judge even realized that Crane v. Kentucky gave defense counsel the leeway that he was trying to walk the fine line to pursue. So, that's what plaintiff's fault is. No. So, the only way in which he could, under Peoples, bring into question that issue was through closing? Correct. Or through cross-examination? Cross-examination of the detective who was on the video and arguing from the video. Arguing from the video. And that's what you're claiming he essentially attempted to do? Yes. And that Peoples would allow him to do that? I think so. I think that's what Crane would allow. And, you know, despite the failure of the attorneys below to make Judge Lucas aware of this claim, I think the court should... But you cite Peoples, don't you? Oh, yeah. I'm sorry. I wasn't hearing Peoples and Crane and, yeah, other Illinois cases that apply to Crane. I think they allow it. But you actually take a cite out of Peoples. Okay. Thank you. I agree. I noticed you're not arguing that the judge committed, was engaging in some sort of judicial misconduct here today. And that was an argument that you made in your plea. Would you address what it was that the judge did that was improper? Well, that was an effort to explain why a contemporaneous objection would not be necessary to preserve the issue because of the rule that if the judge is at the heart of the error, the defense attorney should not be put in a position of questioning the judge's application of the law. I never intended to call it misconduct. It was just the fact that the judge's ruling precipitated the error. And there is an excuse from the need to make an objection where the judge's ruling... Or it's going to be futile. Correct. Correct. So on what basis do you think the objection... The defense counsel tried to make a better record here by saying, Judge, would you just show for the record that I argued this? Why do you feel that would have been futile? Because I've looked at the record and I've also sat in that general courtroom a number of times during jury trials. And this judge was polite, courteous, and politely called the sidebar and then ruled without emphasizing after the sidebar conference. I just don't see any indication in this record that if defense counsel had insisted on making a better record, it would have been viewed negatively. I'm wondering what you see. I think defense counsel in situations where a court is making a ruling sustaining the state's cutting him off and closing argument, puts the defense counsel in a difficult position because he doesn't want to make matters worse. I grant you that if the sidebar had talked about Crane v. Kentucky, that would have made us a much better record. Because the jury doesn't need to hear about the intricacies of what causes him to be able to argue or not cross some line of challenging the judge's pretrial ruling. But my point in trying to get around waiver or forfeiture was that it would be a futile attempt and possibly counterproductive in front of the jury, to put that. Now, the fact is there's a chance that nobody knew about the intricacies of Crane v. Kentucky or the case law in Illinois. And that's why it was waived. And that's why we have to kind of figure out a way to get this court to... Okay, I appreciate that response. You've answered my question. Thank you. What will the record show in terms of evidence of circumstances surrounding his confession? A long period of pre-incriminating response during the videotape where the detectives are providing misinformation to Mr. Jackson about everybody's told us that you've done it. Was that brought in by the jury? Yes. The jury heard an hour and a half of video. No, I'm not talking about what they heard in the video. I'm talking about cross-examination of the interrogators on cross-examination. I mean, the video was entered in as evidence. Sure, sure. The cross-examination... Are you saying that entering in the video was sufficient to make the argument? I would say yes. That's evidence. I mean, you have to have... you're entitled to argue from the evidence that the statement is not reliable. There was cross-examination of Detective Curry, if that's his name, and it focused on how they're trying to get to an end and they already know that this is the person that did the crime and that they're, you know, pushing toward an end. Okay, so there was a colloquy in cross-examination. Correct. But you're saying it would be sufficient if indeed it was entered into evidence and it was observed by the jury that you can comment as to circumstances because they have seen the circumstances? Yes. Okay. Yes. But the DVD played to the jury also showed a defendant fainting, and they got to see that. They did. You know, there wasn't, you know, a great defense available in this case other than to try and convince the jurors, and the jurors did ask to see the last portion of the DVD. I'm not sure if that was the fainting part or the part where he made the admission. So it had some success in getting the jury to focus on whether or not to buy this being the defendant's, you know, honest statement to the jury or to the detectives. So that's what the defense counsel had to work with, and he was thwarted. And the other thing I would say is that it hasn't been much of a focus because of the attention on the plain error rule, but the error would have to be harmless beyond a reasonable doubt. If you find that this handling of the state's objection at closing was error, we contend that it was not harmless, and that would necessitate the grant of a new trial. If there are no other questions, thank you. Thank you. Mr. Nicolosi. Good morning, Your Honors. May it please the Court, Mr. Corrales. Your Honors, I think one important thing that I need to state up front that needs to be considered at all times during this case is that before trial, this videotaped confession admission was ruled voluntarily made by the trial judge, and thus it was admissible. That's at page 146 of the trial transcript. I think that's critical to consider. Defendant's argument here is that he was deprived of the ability to present a complete defense. As Mr. Corrales commented, this issue was forfeited. It was not presented at a post-trial motion. Therefore, the plain error rule is the umbrella under which we will analyze this issue. First step of the plain error rule is, of course, to determine if any error was committed at all. The people submit that there was no error whatsoever in this case. The defendant cites two cases in his briefs, both Illinois Supreme Court cases, People v. Jefferson and People v. Peoples. He cites those for the proposition that even after a judge holds a confession as voluntary, the defendant can still argue the credibility and present evidence that the credibility, the weight, the reliability, and the truth of that statement into question. That's what he can argue. And the people would submit that defense counsel absolutely was able to argue all of those factors at closing argument. For three pages of transcript, he argues credibility, weight, reliability, and truth of the statement with such comments such as, this is something less than a confession. He said that. He said that officers have agendas to get confessions and that this agenda, quote, colors their version of the truth. Counsel also stated, he went over in depth the conditions of the interview that are apparent on the video, such as that this was at the police station and not the defendant's home, for example, that it took two hours and 20 minutes total, that it was a small room, that there were multiple police present, that defendant was not allowed to talk to family, as these are conditions going towards the credibility, weight, truth, reliability. He argues also, he says in his closing, that the jury got to see that the police, quote, worked on, quote, the defendant. Counsel even got to say twice without objection that this statement was not the product of, quote, free will. Twice without objection. And he also said once without objection that this is, quote, not a confession. The third time he mentioned that this was not the product of the free will. And the second time he mentioned that this was not a confession, that was kind of in the same sentence, prosecutor objects. And as was discussed earlier, there's no discussion of this conference on the record. And this objection was sustained. The people submit that that was a proper sustaining of the objection because, again, to sum up, that counsel was allowed at length to discuss the conditions surrounding this confession and argue twice that this was not the product of the free will and one other time that this was not a confession. The statement that this confession was not a product of the free will of the defendant and was, quote, not a confession, those are statements that clearly indicate or that show that counsel was clearly trying to tell this jury that this was not a voluntary confession. And as Justice Wright, you discussed earlier, that the question of the voluntariness of the confession is for the judge alone and shall not be submitted to the jury. That's People v. Jefferson, Supreme Court, 1998. And it's also codified 725 ILCS 5 backslash 114-11 subsection F. But this is a question for the judge. Clearly, the people submit that the defense counsel was trying to have the jury consider whether or not this was a voluntary confession. Talking about free will, what else could that phrase, that this is not a product of the free will, what else could that mean other than that this was involuntary? I believe the phrase not a product of the free will is synonymous with the phrase voluntary. That's clearly where it was going. He wasn't arguing credibility or weight or reliability or truth. He did plenty of that. He was allowed to do that without objection because that's permitted. And the fact is, he really clearly was getting the jury to declare this confession involuntary, and that was improper. And for that reason, the people submit that there was no error committed here whatsoever. So how do you define voluntary? I define it as whether or not this was a product of his free will, whether or not he was coerced into this confession. And I believe at the pre-trial hearing where this issue is to be litigated, the trial judge declared, again, page 146 of the transcript, that this was a voluntarily made confession and, therefore, it wasn't. So really all you're left with once that ruling is made is that, okay, he wasn't coerced, but you can't believe him. Well, sure. It's untruthful. Well, yes, Your Honor. I think talking about credibility and truth of life... So you present evidence that the guy's a potential liar, could never believe anything he ever says? I'm just looking for evidence that you could have perhaps presented without him testifying if you were the defense attorney. Well, Your Honor, I'm not suggesting that counsel couldn't argue the items that he did that I recited in those three pages of the transcript, talking about the fact that officers have an agenda to get confessions and that collars are virgin. I believe that those statements are short of arguing involuntarily. Yeah, not really. I mean, when you say they have to get a confession,  Well, then I think if you look at Peoples and you look at Jefferson, we're really talking about is it even believable? He wasn't coerced. The gun wasn't held to his head. Okay? Because you just said voluntariness is an issue of coercion. Of what, Your Honor? Coercion. Absolutely. Having no free will to make the statement. Absolutely. So really all you're left with as a defense attorney is saying, but you can't believe that statement. Sure. Well, when you start talking about police tactics to get a confession, you're talking about destroying the free will. Well, I believe there's questions of degrees here. It's very murky. Yeah, I don't think it's entirely black and white. And I could even argue, and that wasn't the case here, that the prosecutor could have objected to some of those statements as well. I think he didn't. He allowed the defense counsel some leeway. And I think at a certain point when counsel kept going on about free will and kept going on about the fact that this is not a confession, I think at that point the prosecutor decided basically enough was enough. And this is getting whatever gray area there is, he's crossed into a distinct color, if you will, and that this is getting much more towards voluntariness than towards believability and reliability and things like that. Well, you've got the Supreme Court writing all this stuff, and they don't seem to be very clear on what they're trying to say, do they? I would argue that it's definitely. Because when you start to talk about the circumstances surrounding the making of the statement, you're getting close to voluntariness, aren't you? I think you can. That's what they're talking about. I don't know what they're talking about. Yeah, you're right. I think especially in the quantity that defense counsel presented in this case, all the statements and all the talking about the circumstances that you see on the video, I think the totality of all of those statements and circumstances, I think you get closer and closer. But it's a murky area. I completely agree. But I would definitely submit that this defense counsel in this case, just hammering home the not a product of free will statement and not a confession, I think he was clearly trying to have the jury determine whether or not this was voluntary. I think that's relatively clearer than other cases. For that reason, I believe... Why don't we give that power to the judge and not another jury? I'm just asking. That's a good question. I don't know the answer. It seems kind of bizarre, doesn't it? I figure, yeah, a jury can be considered a trier of fact at some point and a judge can be considered a trier of fact at other points. Is it so within the province of a judge that only they have the expertise? Evidently the legislature believes they do. So I'm going to go along with that, the subsection 114-11, subsection F. So I'm going to defer to them, I guess. It's an interesting comment. It's almost unconstitutional, isn't it? Oh, I don't think I'm qualified. I'm going to say no. I'm going to say it's presumed constitutional. It could be argued. It would be the best argument. Sure. It would be an interesting conversation for another time, maybe. But anyway, in conclusion, the people submit that this court should affirm the trial judge's handling of this and affirm the defendant's conviction and sentence. And if there are any other questions, I'd be happy to entertain. Thank you, Mr. Nicolosi. Mr. Corrales? Your Honor, I'm willing to leave. You're just avoiding Justice Holder's questions, aren't you? We thank you both for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible.